IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ROBERT LEE WRIGHT III,**
**D.O.C. # D-U01281,**

    **Plaintiff,**

**vs.**                                          **CASE NO. 4:24-cv-351-TKW-MAF**

**JESSICA LYUBLANOVITS and**
**BRYSTON FORD,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who is a pro se prisoner and serial litigant, submitted a civil rights complaint, ECF No. 1, on August 30, 2024. He has not paid the filing fee or filed a motion for in forma pauperis (IFP) status. Even if Plaintiff had filed an IFP motion, it would not be reviewed. That is because Plaintiff is well known to this Court as a three-striker under the Prison Litigation Reform Act (PLRA). In the past 8 months, Plaintiff has filed at least 20 cases.[1]

---

[1] Judicial notice is taken of the following cases filed by Plaintiff since January 2024: 4:24-cv-00006-MW-MAF (dismissed on 3/3/24 for failure to comply with court orders); 4:24-cv-00011-AW-MAF(dismissed on 3/25/24 for failure to comply with court orders); 4:24-cv-00012-MW-MAF (dismissed on 3/20/24 as frivolous and for failure to comply with court orders); 4:24-cv-00017-WS-MAF (dismissed on 4/9/24 as malicious and for failure to comply with court orders; appeal dismissed on 5/17/24 for failure to pay the filing fee); 4:24-cv-00051-AW-MAF (dismissed on 4/28/24 for failure to comply with court orders); 4:24-cv-00060-WS-MAF (dismissed on 4/25/24 for failure to comply with court orders); 4:24-cv-00088-MW-MAF (dismissed on 5/24/24 for failure to comply with court orders); 4:24-cv-00107-AW-MAF (dismissed on 5/17/24 for failure to comply with court

Sometimes Plaintiff's complaints have been on the court form as required by the Local Rules, but sometimes they have not. This case was initiated by the submission of a handwritten "complaint" on plain paper. If Plaintiff used the court form, he would have had to disclose all prior cases he has filed and inform the Court if he has accumulated "three strikes." Such disclosures are necessary because the PLRA prohibits a prisoner from bringing a civil action without prepaying the filing fee "if the prisoner has, on 3 or more prior occasions…brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Judicial notice is taken that Plaintiff has had three prior cases dismissed for reasons which count as a "strike" under § 1915(g).

---

orders); 4:24-cv-00108-WS-MAF (dismissed on 6/24/24 for failure to comply with court orders); 4:24-cv-00132-WS-MJF (dismissed on 4/30/24 for failure to state a claim; appeal dismissed on 6/17/24 for failure to pay the filing fee and failure to comply with court rules); 4:24-cv-00142-MW-MJF (pending order on recommended dismissal for failure to comply with court orders filed 8/6/24); 4:24-cv-00155-WS-MAF (dismissed on 5/24/24 pursuant to 28 U.S.C § 1915(g)); 4:24-cv-00212-WS-MAF (dismissed on 7/6/24 pursuant to 28 U.S.C § 1915(g)); 4:24-cv-00235-MW-MAF (dismissed on 6/26/24 pursuant to 28 U.S.C § 1915(g)); 4:24-cv-296-MW-MAF (dismissed on 8/22/24 pursuant to 28 U.S.C § 1915(g)); 4:24-cv-00310-MW-MAF (pending order on recommended dismissal pursuant to 28 U.S.C § 1915(g) filed 8/12/24); 4:24-cv-321-MCR-MAF (pending order on recommended dismissal pursuant to 28 U.S.C § 1915(g) filed 8/19/24); 4:24-cv-314-WS-MAF (pending order on recommended dismissal pursuant to 28 U.S.C § 1915(g) and as frivolous, with sanctions, filed 8/27/24); and 4:24-cv-320-MCR-MJF (filed August 15, 2024).

4:24-cv-351-TKW-MAF

On January 10, 2024, Plaintiff filed case number 4:24-cv-12-MW-MAF in this Court. It was dismissed March 20, 2024 both as frivolous and for failure to comply with a court order. ECF No. 11 of that case. That dismissal counts as Plaintiff's first strike.

Also on January 10, 2024, Plaintiff filed case number 4:24-cv-17-WS-MAF in this Court. It was dismissed on April 9, 2024, "as a shotgun pleading, as malicious based on [Plaintiff's] affirmative misrepresentations regarding his litigation history, for failure to comply with court orders, and for failure to pay the filing fee." ECF No. 26 of that case. That dismissal counts as Plaintiff's second strike.

On March 18, 2024, Plaintiff filed case number 4:24-cv-132-WS-MJF in this Court. It was dismissed on April 30, 2024 because Plaintiff's complaint failed to state a claim. ECF No. 19 at that case. That dismissal counts as Plaintiff's third strike.

All three cases cited above were filed while Plaintiff was a prisoner. Therefore, because Plaintiff has three strikes, he is not entitled to proceed without paying the filing fee at the time of case initiation unless he alleges that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff attempts to allege imminent danger in his complaint, ECF No. 1, but fails.

In this case, Plaintiff seeks to sue the Clerk of Court and a Deputy Clerk of Court for the Northern District of Florida. <u>Id.</u> His complaint takes issue with a judgment in a separate case dismissed under § 1915(g), <u>Wright v. Jeaffreson</u>, Case No. 4:24-cv-235-MW-MAF (N.D. Fla. June 26, 2024). <u>Id.</u> at 2. Regarding the judgment, ECF No. 8 of that case, Plaintiff asserts:

> "As best can be determined Plaintiff's complaint is dismissed without prejudice under the three-strikes provision of a statute and rule. Because Plaintiff did not pay the filing fee and fails to meet the imminent danger exception. Signed by Clerk of Court Jessica J. Lyublanovits and Deputy Clerk Bryston Ford…[t]his is an improper statement. To the education of the Plaintiff he feels he's in imminent danger. The [judgment] clearly says he fails the exception of imminent danger, as if the two people involved are coming to hurt him."

<u>Id.</u> In addition to 42 U.S.C § 1983,[2] Plaintiff lists the following—mostly unintelligible—bases for his complaint: "imminent danger," "federal report evidence," "civil infraction of judgment," "digression of claim," "for petition in writ of total breach," "Supreme Court Rules et seq." <u>Id.</u> at 1, 2. His requested relief is, "total breach." <u>Id.</u> at 2. The complaint has no basis in law or fact, is frivolous, and fails to state a claim upon which relief may be granted.

While Plaintiff attempts to get around § 1915(g) by using the "buzzword" of imminent danger, he cannot possibly show that he is currently in imminent danger of serious physical injury from Defendants—a Clerk and

---

[2] As the Defendant Clerks are federal employees, the Court construes the complaint as a <u>Bivens</u> action.

4:24-cv-351-TKW-MAF

Deputy Clerk—who were working in their official capacity, miles away from Plaintiff, and entered a judgment at the direction of the District Court's order.[3] "General assertions [of imminent danger] are insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Daker v. Ward, 999 F.3d 1300, 1311 (11th Cir. 2021) (internal quotations omitted). Plaintiff's allegation of "feel[ing]" like he is in imminent danger, or his own delusions that a Clerk entering a judgment in compliance with a judicial mandate is "coming to hurt him" are insufficient to establish an imminent danger of serious physical injury. The nonsensical ramblings of a Plaintiff complaining about incredible and imagined dangers does not create an imminent danger.

Even assuming Plaintiff's claim had merit, was filed on the correct court form, was based on appropriate law, and sought the appropriate relief, Defendants have absolute immunity for their action. See Jenkins v. Clerk of Ct., U.S. Dist. Ct., S. Dist. of Fla., 150 F. App'x 988, 990 (11th Cir. 2005).

Plaintiff is attempting to relitigate a previously dismissed claim without

---

[3] The Order Accepting Report and Recommendation, ECF No. 7, in 4:24-cv-235-MW-MAF states in part, "The Clerk shall enter judgment stating, "Plaintiff's complaint is DISMISSED without prejudice under the three-strikes provision of 28 U.S.C.§ 1915(g), because Plaintiff did not pay the filing fee and fails to meet the imminent danger exception." The Clerk entered the judgment pursuant to F. R. Civ. P. 58(b).

paying the filing fee, by suing Defendants who are immune and claiming generalized imminent danger. The instant case should be summarily dismissed under § 1915(g), but it should also be dismissed with prejudice as frivolous, malicious, and for failure to state a claim upon which relief may be granted.[4] Plaintiff, like anyone else, cannot misuse the courts with impunity. Moon v. Newsome, 863 F.2d 835, 838 (11th Cir. 1989).

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED with prejudice**, and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this case was dismissed pursuant to 28 U.S.C. § 1915(g) and as frivolous, malicious, and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C § 1915(e)(2).

**IN CHAMBERS** at Tallahassee, Florida on September 4, 2024.

s/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The Eleventh Circuit has consistently affirmed dismissal with prejudice of frivolous complaints. See, e.g., Broner v. Washington Mut. Bank, FA, 258 F. App'x 254, 256 (11th Cir. 2007); Austin v. Judge, 851 F. App'x 173, 175 (11th Cir. 2021); Nails v. Franklin, 279 F. App'x 899, 901 (11th Cir. 2008); Hernandez v. Palm Beach Cnty. State Att'y, No. 23-11024, 2023 WL 9642821, at *2 (11th Cir. Aug. 31, 2023), cert. denied, 144 S. Ct. 1121, 218 L. Ed. 2d 355 (2024).

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).